MANDATE

13-2240-cv
*Roofers Local No. 149 Pension Fund v. CNOOC Ltd.*

N.Y.S.D. Case #
12-cv-1513(KBF)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of February, two thousand fourteen.

PRESENT:

    JOSÉ A. CABRANES,
    DEBRA ANN LIVINGSTON,
    SUSAN L. CARNEY,
               *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 26, 2014

---

SAMUEL SINAY, Individually and on behalf of all others similarly situated,

    *Plaintiff*,

ROOFERS LOCAL NO. 149 PENSION FUND, on behalf of itself and all others similarly situated,

    *Plaintiff-Appellant*,

       v.                             No. 13-2240-cv

CNOOC LTD.,

    *Defendant-Appellee*,

Yang Hua, Zhong Geng Huang, Zhong Hua,

    *Defendants*.

1

MANDATE ISSUED ON 02/26/2014

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | SUSAN K. ALEXANDER, Robbins Geller Rudman & Dowd LLP, San Francisco, CA (Andrew S. Love, Robbins Geller Rudman & Dowd LLP, San Francisco, CA; David A. Rosenfeld, Robbins Geller Rudman & Dowd LLP, Melville, NY, *on the brief*). |
| **FOR DEFENDANT-APPELLEE:** | CARTER G. PHILLIPS, Sidley Austin LLP, Washington D.C. (A. Robert Pietrzak, Joel M. Mitnick, Eamon P. Joyce, Daniel A. McLaughlin, Sidley Austin LLP, New York, NY, *on the brief*). |

Appeal from the May 7, 2013 judgment, and May 23, 2013 denial of reconsideration, of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

In this putative class action, Appellant Roofers Local No. 149 Pension Fund ("Roofers") appeals from an order of the District Court granting defendant's motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The complaint was brought under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5, 17 C.F.R. § 240.10b-5, and alleged that CNOOC Ltd. ("CNOOC") made false and fraudulent statements related to the safety of an oilfield it owned and developed together with ConocoPhillips China Inc. ("COPC"), and two major spills in that oilfield, which was operated on a day-to-day basis by COPC. Plaintiff also appeals the District Court's denial of its motion for reconsideration. We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review *de novo* an order granting a motion to dismiss for failure to state a claim under which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). *See Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). We accept all well-pleaded facts in the complaint as true, and may consider all documents it incorporates by reference or relies heavily upon. *See Taveras v. UBS AG*, 708 F.3d 436, 442 (2d Cir. 2013). All reasonable inferences are drawn and viewed in the light most favorable to the plaintiff. *See Chase Group Alliance LLC v. City of New York Dept. of Finance*, 620 F.3d 146, 150 (2d Cir. 2010).

The pleading standards for securities fraud claims are heightened because Rule 9(b) requires that to plead an allegation of fraud, "a party must *state with particularity* the circumstances constituting

fraud." Fed. R. Civ. P. 9(b) (emphasis supplied). "A securities fraud complaint based on misstatements must (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *ATSI Comm., Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007) (citing *Novak v. Kasaks*, 216 F.3d 300, 306 (2d Cir. 2000)).

Additionally, the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u–4(b), requires that "the complaint shall, with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *Id.* § 78u–4(b)(2). "The plaintiff may satisfy this requirement by alleging facts (1) showing that the defendants had both motive and opportunity to commit the fraud or (2) constituting strong circumstantial evidence of conscious misbehavior or recklessness." *ATSI*, 493 F.3d at 99 (internal quotation omitted). In determining whether plaintiff has pleaded a "strong" inference of scienter, the court must evaluate all plausible conclusions that may be drawn from the facts, and the inference of scienter must be such that "a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007).

Upon a review of the record, including the translation of the June 21, 2012 State Oceanic Administration ("SOA") Report upon which the complaint relies and which Roofers submitted for the first time as an exhibit to the motion for reconsideration, we conclude that Roofers has not met the heightened pleading standard established by Rule 9(b) and the PSLRA. We affirm, substantially for the reasons articulated by the District Court in its thorough Memorandum Decision and Order of May 6, 2013. *See Sinay v. CNOOC Ltd.*, No. 12 Civ. 1513(KBF), 2013 WL 1890291 (S.D.N.Y. May 6, 2013).

Additionally, we disagree with Roofers' contention that the District Court erroneously concluded that Roofers had not sufficiently pleaded scienter based on allegations that CNOOC "must have known" that its statements to investors were false. Pl. Br. at 18. The District Court correctly stated that Roofers could have sufficiently pleaded scienter by showing that CNOOC's conduct was "highly unreasonable and represent[ed] an extreme departure from the standards of ordinary care to the extent that the danger was either known to the defendant or so obvious that the defendant *must have been aware of it*." *Sinay*, 2013 WL 1890291 at *7 (internal alterations omitted) (emphasis supplied).

The District Court correctly concluded that Roofers *had not* sufficiently pleaded scienter based on what CNOOC "must have known." The entire basis for Roofers' argument is the report of findings by China's SOA, which concluded that the oil spills were caused by underlying problems such as "COPC's violation of the Overall Development Plan during its operation, by its flaws in the system and management, which has no necessary precaution[ary] measures regarding risks which should have been foreseeable." A71-72. Even if we accept, arguendo, these findings, and even if we consider them in light of CNOOC's public statements—namely, that it "organized safety inspections on all oil and gas fields," and that "[t]he proper measures have been performed to cope with the potential risk[s] identified," A22-23—this is still not enough to establish a "strong

3

inference" of scienter. Neither the complaint nor the SOA report provide a factual basis for inferring that the problems that caused the spills were apparent to CNOOC, or were so obvious that CNOOC must have been aware of them, at the time CNOOC made the relevant statements.

## CONCLUSION

We have considered all of Roofers' arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the May 7, 2013 judgment and May 23, 2013 denial of reconsideration of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit